Mr. Justice Clayton
delivered the opinion of the court.
In March, 1840, Emanuel & Barrett sued out an attachment against the plaintiff in error, who, at the succeeding court, appeared, gave bond and pleaded to the action. In May, 1841, judgment was rendered against him for $811'23.
At the April term, 1847, the plaintiff in error caused a motion to be made in the court below to quash the judgment and all the previous proceedings, upon the ground that they were irregular and void.
It is objected to this motion, that after the term of the court has elapsed, at which a judgment is rendered, the court has no power to set it aside. This is the rule wherever a judgment is only erroneous; but if it be void, then the court may set it aside at any time. Buckingham v. Bailey, 4 S. & M. 538. But this has been regarded as doubtful upon motion. Bank U. S. v. Moss, 6 How. S. C. R. 31. The question then arises whether the judgment was void.
The statute directs that every attachment issued without bond and affidavit shall be illegal and void; but it also directs that no-attachment shall be abated for want of form, if the essential matters be expressed.
The first objection to the affidavit is, that it does not show that the person who made it had any interest in the suit, or was an agent of the parties. The affidavit was made by Morris Emanuel, and the other parts of the record show that he was a member of the firm.
The next objection is, that the affidavit is too broad in this, that it states that “ the defendant hath removed, or is removing, out of the state, or so absconds or privately conceals himself, that the ordinary process of the law cannot be served upon *68 him.” Now the plaintiff might very well know that the defendant could not be served with process without, knowing whether he had removed, or absconded, or concealed himself. He swears to the4 fact, that the process could not be executed, in consequence of one of these causes. The material point in the affidavit required by the statute is, that the ordinary process cannot be served. We think the affidavit was good.
The objection to the bond is, that it provides only “ for costs and damages to be recovered in a suit, to be thereafter brought.” Upon comparing this bond with the form prescribed in the statute, it will be seen that it complies strictly with its provisions. See Amos v. Allnutt, 2 S. & M. 218.
So far from thinking that the judgment in this case is void, we believe the attachment would have been sustained, if the motion to quash had been made at the term to which it was returned. It would require a much stronger showing to set aside the judgment, rendered after appearance and plea to the merits by the defendant.
Judgment affirmed.